# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| MELVIN RICHARD MULKEY, | Cause No. CV 08-00075-H-DWM-RKS |
|---|---|
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |
| GOV. BRIAN SCHWEITZER, et. al., | |
| Defendants. | |

Pending is Plaintiff Melvin Richard Mulkey's civil rights Complaint filed pursuant to 42 U.S.C. § 1983 (Document 2) and Plaintiff's Motion to Commence Prosecution. (Document 8). In light of the following Recommendation to dismiss this matter, Plaintiff's Motion to Commence Prosecution will be denied as moot.

## I. STATEMENT OF THE CASE

### A. Jurisdiction

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 seeking to

recover for alleged federal constitutional violations while incarcerated at Montana State Prison in Deer Lodge, Montana. Accordingly, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**B.    Parties**

Plaintiff is a state prisoner incarcerated at Montana State Prison in Deer Lodge, Montana.

The named Defendants are: Governor Brian Schweitzer, the Montana Department of Corrections, Mike Ferriter, Ted Ward, Myrna Ohmolt-Mason, Laura Janes, Norma Jean Boles, Sherri Townsend, Liz Rantz, Montana State Prison, Warden Mike Mahoney, and Dr. Kohut.

**C. Plaintiff's Allegations**

Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs by denying him Interferon and Ribavirin treatment for his Hepatitis C in violation of the Eighth Amendment to the United States Constitution.

## II. PRESCREENING

**A. Standard**

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Section

1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of the complaint before it is served upon the defendants if it is "frivolous" or "fails to state a claim upon which relief may be granted." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id*. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Additionally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf*. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is

"absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

### B.  Deliberate Indifference to Serious Medical Needs

Plaintiff's claims arise under the Eighth Amendment to the United States Constitution.  The Eighth Amendment requires that prisoners receive adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).  To state an arguable section 1983 claim for failure to provide medical care, a prisoner must allege a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106; *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

Deliberate indifference under the Eighth Amendment involves the consideration of two elements:  "[1] the seriousness of the prisoner's medical need[;] and [2] the nature of the defendant's response to that need." *McGuckin*, 974 F.2d at 1059; *see also Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003).  That is, a plaintiff must demonstrate "'objectively, sufficiently serious'

harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care. Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation." *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002)(citing *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995)).

The objective component of deliberate indifference requires the showing of a serious medical need. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'." *McGuckin*, 974 F.2d at 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed." *Estelle*, 429 U.S. at 104-105.

The subjective component of deliberate indifference considers the nature of the defendant's response to the serious medical need and whether the defendant had a culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998)(quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). "[T]he official must both be

aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[T]he official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." *Frost, 152 F.3d at 1128* (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-303 (1991)). "This second prong-defendant's response to the need was deliberately indifferent-is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett, 439 F.3d at 1096* citing *McGuckin, 974 F.2d at 1060*. "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett, 439 F.3d at 1096*.

      The Court will presume, for purposes of this Order, that Plaintiff's Hepatitis C condition constitutes a "serious medical need" under the Eighth Amendment. However, Plaintiff has not made a sufficient showing of deliberate indifference. Plaintiff's only claim is he is not receiving the type of medical treatment he would like to receive, i.e., Interferon and Ribavirin drug treatments. Plaintiff does not allege he is being denied all treatment, just the type of treatment he would like to

receive. Plaintiff acknowledges in his March 7, 2008 grievance attached to his Complaint that he was being treated with the following medications: Metformin (for diabetes), Citalopram (for anxiety), and Lisinopril (for high blood pressure). In response, prison officials told him his case would be reviewed by Dr. Rantz. On March 27, 2008, in response to Plaintiff's request for a liver biopsy, prison officials informed Plaintiff he was not a candidate for treatment and they would continue to monitor his liver. Plaintiff simply alleges Defendants, primarily Plaintiff's medical providers, disagree with Plaintiff's proposed treatment. Plaintiff's Complaint and the documents attached thereto establish that Defendants have a stated reason for their position. A mere disagreement about treatment is insufficient. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corrections*, 220 F.Supp.2d 1098, 1105 (N.D.Cal.2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). State prison officials have "wide discretion regarding the nature

and extent of medical treatment." *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). See also *Hollis v. Director of Corrections*, 560 F.Supp.2d 920 (C.D.Cal. 2008) (citing *Dotson v. Wilkinson*, 477 F.Supp.2d 838, 849 (N.D.Ohio 2007) ("[Plaintiff's] difference in opinion with prison medical personnel regarding the appropriate diagnoses and treatment for his Hepatitis C are not enough to state a deliberate indifference claim."); *Clarke v. Blais*, 473 F.Supp.2d 124, 125-26 & n. 4 (D.Me. 2007) (inmate's claims against jail's medical services provider for failure to treat inmate's hepatitis C with anti-viral therapy "boil down to [a] disagreement with the chosen course of treatment, and that is not the basis for a constitutional claim"). Plaintiff's allegations do not rise to the level of deliberate indifference.

### C.  State Law Claims–Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(c), the district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. As this Court is recommending the dismissal of Plaintiff's federal constitutional claim (the basis of this Court's original jurisdiction), it further recommends the Court decline to exercise

supplemental jurisdiction over Plaintiff's state law claims.

## III. CONCLUSION

Plaintiff cannot state a claim for denial of medical care under the Eighth Amendment of the United States Constitution. Therefore, his Complaint fails to state a claim upon which relief may be granted and this case will be recommended for dismissal.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because Plaintiff's allegations fail to state a claim upon which relief may be granted.

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that

>the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. Plaintiff's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE –
CV-08-00075-H-DWM-RKS / PAGE 11

### C. Release

If released, Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### D. Address Changes

At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based on the foregoing, the Court issues the following:

### ORDER

Plaintiff's Motion to Commence Prosecution (Document 8) is **DENIED AS MOOT**.

Further, the Court issues the following:

## RECOMMENDATIONS

1. Plaintiff's Complaint (Document 2) should be **DISMISSED WITH PREJUDICE**. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) and **DISMISS WITHOUT PREJUDICE** Plaintiff's state law claims.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff's Complaint fails to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of

the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

    A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

    This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

    DATED this 14th day of April, 2009.

                                                         */s/ Keith Strong*
                                                         Keith Strong
                                                         United States Magistrate Judge