

FILED

MAY 20 2009

PATRICK E. DUFFY, CLERK
BY
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| MELVIN R. MULKEY, | ) | CV 08-75-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| GOV. BRIAN SCHWEITZER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Melvin R. Mulkey brought this action pursuant to 42 U.S.C. § 1983 alleging that state officials violated the Eighth Amendment by denying him treatment for Hepatitis C. Pursuant to 28 U.S.C. § 636(b), the matter was referred to Magistrate Judge Strong, who issued Findings and Recommendation on April 14, 2009, recommending that Mulkey's complaint be dismissed with prejudice and a strike assessed against him. Mulkey timely objected to the Findings and

1

Recommendation on April 20, 2009, and is therefore entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1). Despite Mulkey's objections, I agree with Judge Strong's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

# I

Mulkey's complaint alleges that Defendants are in violation of the Eighth Amendment because they are deliberately indifferent to his need for treatment for his Hepatitis C. Specifically, Mulkey argues that Defendants' failure to treat him with Interferon and Ribavirin violates the Eighth Amendment. The record shows that Mulkey asked for a liver biopsy and for specific pharmacological treatment, and in response prison medical personnel reviewed Mulkey's case and informed him he was not a candidate for such treatment at the time, and they would continue to monitor his condition.

Judge Strong concluded that Mulkey's complaint alleged that prison officials refused to provide him with the treatment he requested. Because a mere disagreement about treatment is insufficient to establish deliberate indifference to a prisoner's serious medical condition, Judge Strong concluded that Mulkey's complaint failed to state a claim and recommended dismissing it and assessing a strike against Mulkey pursuant to 28 U.S.C. § 1915(g).

2

## II

### a.

Mulkey objects to the conclusion that his complaint merely alleged that prison officials refused to treat him as specifically requested.  He argues that his complaint alleges that Defendants "refuse[d] any treatment whatsoever of a serious medical need."  The record shows, however, that medical personnel responded to Mulkey's request by informing Mulkey that at the time of his request his liver enzymes were "only slightly elevated" and therefore he might not need treatment, and forwarding his request to Dr. Rantz for review.  The record shows that Dr. Rantz informed Mulkey that he was not a candidate for treatment, prison medical staff would continue to monitor his liver, and they would notify him if he became a candidate for treatment.  The record shows that when Mulkey again requested Interferon and Ribavarin treatment, he was informed that his request would be forwarded to Dr. Rantz for review of his medical chart.

The record thus shows that prison medical personnel received and acted on Mulkey's requests for treatment.  The fact that they determined he did not require the treatment he requested does not show deliberate indifference equivalent to refusing to treat a serious medical condition.  Judge Strong was correct in concluding that prison medical personnel's disagreement with the specific

treatment Mulkey requested does not amount to deliberate indifference.  <u>See</u>

<u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).

**b.**

Mulkey objects to the conclusion that Defendants were not deliberately

indifferent to his serious medical condition, arguing that the deliberate

indifference standard can be met when medical personnel choose an easier but less

effective method of medical care.  This objection seems aimed at Judge Strong's

reasoning from precedent holding that prison officials have "wide discretion

regarding the nature and extent of medical care."  <u>Jones v. Johnson</u>, 781 F.2d 769,

771 (9th Cir. 1986).  In support of this argument, Mulkey cites <u>West v. Keve</u>, 571

F.2d 158, 162 (3d Cir. 1978).

<u>West</u> involved a plaintiff afflicted with a chronic and painful condition

requiring surgery.  <u>Id.</u> at 160.  The plaintiff filed a complaint pursuant to 42 U.S.C.

§ 1983, alleging that prison officials had refused to allow him to undergo the

surgery and refused to provide him with post-operative care when he finally did.

<u>Id.</u> at 60-61.  The Third Circuit reversed the district court's dismissal of the

complaint, holding that the plaintiff had set forth a claim for deliberate

indifference.  The court noted that the plaintiff claimed he was denied proper post-

operative care, that he was in pain, that he was not allowed to see the doctor who

4

performed his operation, and that he was not given medication for his post-operative pain. Id. at 162. The defendants claimed they had given the plaintiff aspirin, but the court said "this may not constitute adequate medical care" and thus the complaint should not have been dismissed.

In the passage on which Mulkey relies, the court concluded, "If deliberate indifference caused an easier and less efficacious treatment to be provided, the defendants have violated the plaintiff's Eighth Amendment rights by failing to provide adequate medical care." Id. at 162 (quoting Williams v. Vincent, 508 F.2d 541, 544 (2d Cir. 1974)). Mulkey seems to read this passage as identifying an Eighth Amendment requirement that a prisoner be afforded the most effective treatment possible for a particular ailment, and that anything less is unconstitutional. This explains the evidence he proffers indicating that a combination of Interferon and Ribavirin is becoming the standard of care for patients who suffer from both Hepatitis C and cirrhosis of the liver.

Mulkey's case does not implicate the reasoning in West. Having reviewed the results of Mulkey's medical evaluations, medical personnel determined that Mulkey was not in need of aggressive treatment. In West, the plaintiff had undergone surgery and claimed he was in pain and was denied access to the surgeon who had performed his operation. Id. at 162. When the defendants

5

responded they had given the plaintiff aspirin, the court opined that such a

response to the need for adequate post-operative care was insufficient to sustain a

dismissal of the complaint's allegations of deliberate indifference. Id. This is not

analogous to the deliberate indifference claim Mulkey makes, i.e., that he is not

receiving what he claims is the best medical treatment for his ailment.

### c.

Mulkey objects to Judge Strong's conclusions, arguing that "the easiest way

to meet the subjective [prong of deliberate indifference] is to offer proof that a

prison doctor has diagnosed a serious medical condition, and yet, failed to provide

treatment." He cites Hudson v. McHugh, 148 F.3d 859, 864 (7th Cir. 1998),

where a prisoner claimed he was epileptic, was denied his medication for eleven

days, and suffered a seizure as a result. Again, the facts of Mulkey's case, evident

from the complaint and exhibits, do not reveal a comparable situation. Mulkey

wants medication he has never had. Mulkey does not claim that prison officials,

as in Hudson, have denied Mulkey medical treatment he undisputably needs.

Rather, he claims they refuse to provide Mulkey with the treatment he says he

needs, an opinion with which they disagree. This does not state a claim under the

subjective prong of the deliberate indifference standard.

### d.

Mulkey objects to the Findings and Recommendation, arguing that the subjective standard of deliberate indifference is met if prison officials interfere with a prisoner's ability to gain treatment. He argues that treatment of Hepatitis C with Interferon and Ribavirin is the current acceptable standard of care, and therefore the Eighth Amendment requires it. The evidence Mulkey provided with his complaint shows that the treatment he advocates has promise for Hepatitis C patients. It does not show as he claims, however, that "evolving standards of decency" demand that prison officials provide nothing less. This is not what the law requires, and Mulkey provides no authority for the proposition that it does.

### III

In accordance with the foregoing,

IT IS HEREBY ORDERED that the Findings and Recommendation (dkt # 9) are adopted in full;

IT IS FURTHER ORDERED that Plaintiff's claim brought pursuant to 42 U.S.C. § 1983 is DISMISSED WITH PREJUDICE, and the Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure;

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1367(c)(3) the Court declines to exercise supplemental jurisdiction over the state law claims and

they are DISMISSED WITHOUT PREJUDICE; Plaintiff is advised that pursuant

to 28 U.S.C. § 1367(c)(3) he must file his state law claims in state court within

thirty (30) days of the date of entry of judgment in this Court;

IT IS FURTHER ORDERED that the docket shall reflect that this dismissal

counts as a strike pursuant to 28 U.S.C. § 1915(g) because the complaint fails to

state a claim for which relief can be granted;

IT IS FURTHER ORDERED that the docket shall reflect that the Court

certifies pursuant to Fed.R.App.P. 24 (a)(3)(A) that any appeal of this decision

would not be taken in good faith.

Dated this __*20*__ day of May, 2009.

Donald W. Molloy, District Judge
United States District Court